■ 330 West 86th Street, LLC, Appellant-Respondent, v City of New York, Respondent-Appellant, and 328 Owners Corp. et al., Respondents. [891 NYS2d 64]—

Plaintiff's predecessor in interest purchased the subject building from the City pursuant to the Urban Development Action

Area Act (UDAAA) (codified in General Municipal Law art 16) (*see 328 Owners Corp. v 330 W. 86 Oaks Corp.*, 8 NY3d 372 [2007]). The UDAAA was enacted for the purpose of "correct-[ing]" "such substandard, insanitary, blighted, deteriorated or deteriorating conditions, factors, and characteristics" as cause areas to become "slum or blighted areas" by, inter alia, "reha- bilitation, restoration or conservation of such areas" (General Municipal Law § 691). The deed by which the building was transferred recites that "the project to be undertaken by [plaintiff's predecessor] consists solely of the rehabilitation or conservation of existing private or multiple dwellings or the construction of one to four unit dwellings without any change in land use permitted by existing zoning" (*see* General Munici- pal Law § 695 [6] [d]). The Court of Appeals having held that this restriction could be enforced against plaintiff as successor grantee (*see 328 Owners Corp.*, *supra*), plaintiff commenced this action for a judgment declaring that the restriction is unenforce- able on the ground that it "is of no actual and substantial bene- fit to the persons seeking its enforcement . . . because the purpose of the restriction has already been accomplished" (RPAPL 1951 [1]; *see Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 434 [2004]). Plaintiff, which allegedly seeks to demol- ish the building and replace it with a high-rise "sliver" apart- ment building (*see 328 Owners Corp.*, 8 NY3d at 379), argues that the purpose of the restriction was rehabilitation of the building and that the building has been rehabilitated. The City contends that plaintiff too narrowly interprets the term "reha- bilitation," i.e., as a repair project, and that "rehabilitation" must be read in conjunction with "conservation," which would preclude demolition of the building.

We agree with the motion court that, even in the absence of a definition of "rehabilitation" in the UDAAA, plaintiff cannot be found as a matter of law to have fully rehabilitated the building. The record raises issues of fact whether all outstanding building code violations have been removed and whether certain work was performed without the necessary permits, contrary to the requirements of the deed that all work be performed in accor- dance with local law, and contains no evidence, such as invoices or contracts, to substantiate plaintiff's claim that the necessary rehabilitative work was completed. Nor has the City established as a matter of law that the terms "rehabilitation" and "conser- vation," which are set forth in the deed in the disjunctive, are meant to be read in conjunction with each other, or that the City's general goal of improving the availability and afford- ability of quality housing in New York City can be inferred from the deed. Resolution of such ambiguities must await discovery

as to the intent of the parties to the deed. Concur—Gonzalez, P.J., Mazzarelli, Nardelli and Acosta, JJ.